**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**CANDY CAROLE NEELEY,**

   **Plaintiff,**

v.                  Case No.: 1:19-cv-00598

**ANDREW SAUL,
Commissioner of the Social
Security Administration,**

   **Defendant**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

  Pending before the Court is Plaintiff's Motion to voluntarily dismiss her complaint. (ECF No. 13). The time allotted for Defendant to respond has expired, and Defendant has not filed an objection to the proposed dismissal. This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Plaintiff's Motion; **DISMISS** the complaint, as requested; and **REMOVE** this case from the docket of the Court.

**I.**  **Relevant Procedural History**

  On August 15, 2019, Plaintiff Candy Carole Neeley filed a complaint, seeking a review of the Commissioner of Social Security's decision denying her disability benefits.

(ECF No. 2). The defendant was served with a summons and the complaint, and he filed an Answer and Transcript of Proceedings on October 28, 2019. (ECF Nos. 10, 11). On December 2, 2019, the undersigned issued an Order advising Plaintiff that her brief in support of judgment on the pleadings was past due; therefore, she was given thirty days to file the brief. (ECF No. 12). Plaintiff was advised that the failure to file a brief would result in a recommendation of dismissal for failure to prosecute. (*Id.*). Two weeks later, Plaintiff filed the instant motion to dismiss the complaint. (ECF No. 13). Plaintiff explains in the motion that she is not capable of prosecuting the action and has initiated a new application for benefits with the Social Security Administration. (*Id.*).

## II.   Discussion

Fed. R. Civ. P. 41(a)(2) allows the court to dismiss an action at the plaintiff's request under terms the court deems proper. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). The "prospect of a second lawsuit," alone, does not constitute prejudice sufficient to deny a motion under Rule 41(a)(2). *Vosburgh v. Indemnity Ins. Co. of North America*, 217 F.R.D. 384, 386 (S.D.W. Va. Sep. 12, 2003). Instead, when presented with a request for dismissal under Rule 41(a)(2), the court should consider a number of factors, including: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.* (citing *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998)).

Considering these factors, the undersigned **FINDS** that the instant action is in an early stage. No briefing has been completed; therefore, little effort has been expended.

Similarly, minimal expense has been incurred. Plaintiff requested dismissal promptly after receiving the Order that she was required to file a brief; accordingly, she did not unduly delay the matter. Her prompt notification to the Court of her desire to dismiss the action shows diligence on Plaintiff's part. Moreover, she provides a sufficient and logical explanation for her decision to dismiss the complaint. "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Gentry v. MCM*, No. CIV.A. 1:12-7695, 2013 WL 622225, at *1 (S.D.W. Va. Jan. 29, 2013) (quoting *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986)). Defendant articulates no prejudice flowing from a dismissal, and the undersigned does not discern any. Therefore, the undersigned **FINDS** that Plaintiff's motion should be granted.

### III.  Proposal and Recommendation

For the reasons stated, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Plaintiff's motion for an order of voluntary dismissal, (ECF No. 13), and **DISMISS** the complaint pursuant to Fed. R. Civ. P. 41(a)(2).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff and counsel of record.

**FILED:**  January 28, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge